**George DEPUTY, #75669, Petitioner,**

v.

**Ray H. PAGE, Warden, OSP, and the State of Oklahoma, Respondents.**

**No. A–14422.**

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1967.

George Deputy, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Presiding Judge:

This is an original proceeding filed by the petitioner, George Deputy, seeking a writ of habeas corpus. He alleges he is illegally confined in the Oklahoma State Penitentiary by virtue of a judgment and sentence from Comanche County wherein he was sentenced to Two Years for the crime of Burglary Second Degree.

He alleges in his petition that he was never advised of his right to counsel, that he was never furnished with any warrant, indictment, or any other bill of information regarding the charges pending against him. That he was threatened to waive his rights, and enter a plea of guilty.

The Attorney General, in their Response, has furnished this Court with the records from Comanche County in their case No. C-1924. These records conclusively refute the allegations of the petitioner.

The judgment and sentence reflects the following language:

"Now on this 16th day of June 1967, being one of the regular judicial days of the January 1967 term of said District Court, the above named defendant, George H. Deputy, appeared and is present in person before the bar of said Court for arraignment upon the charge contained in the information in said court, and thereupon said information was read to defendant, George H. Deputy and the Court explained fully to him the nature and cause of accusation against him, and the consequences of his plea and also all his rights, including his right of counsel, to trial by jury, and time in which to plead and he states to the court that he desires to voluntarily waive his said rights to trial by jury, to counsel, and as to time and desires to enter his plea at this time and he was then asked by the Court whether he is guilty or not guilty of the crime charged in said information.

And thereupon the said George H. Deputy defendant in said cause, voluntarily and in open court says he is guilty of the crime of Burglary, second degree, as charged in said information * * *."

And, also attached, is an instrument labeled "ACKNOWLEDGEMENT OF EXPLANATION OF RIGHTS AND WAIVER" which reads as follows:

———◆———

"BE IT KNOWN: That I, George H. Deputy, defendant in the above matter, do say that I am presently of the age of 34 years; that on the 16th day of June, 1967, on my own request, I conferred with the District Attorney of Comanche County, Oklahoma, and was informed by him that in the event I plead guilty to the charges contained therein that said District Attorney would recommend to the judge that I be sentenced as follows: *2 years at the State Penitentiary (handwritten).*

I further acknowledge that Hon. Toby Morris, Judge of the District Court of Comanche County, Oklahoma, orally advised me as follows:

(1) That I am charged by Information with the crime of 2nd Burglary, a felony, punishable by confinement in the State Penitentiary; that I am entitled to a copy of the Information and a copy will be furnished me upon request.

(2) That I have a right to plead not guilty and have a trial by jury.

(3) That I am entitled to be represented by counsel at all stages of the proceedings in my case; and that in the event that I am financially unable to hire an attorney, the judge will appoint an attorney who will represent me at no cost to me.

(4) I have been advised and fully understand that in the event I enter a "plea of guilty" to the information in this case, such a "plea" is a judicial admission and confession of guilt of the crime of which I am charged and that by operation of law such a plea waives any right I might have to a trial by jury in my case; and, if accepted by the judge herein, I will be convicted of a felony and sentenced.

(5) I hereby voluntarily and of my own free will and accord, expressly waive my Constitutional right to have an attorney represent me in this case, and do further waive all rights about which I have this day been advised, and pray the judge to permit me to be arraigned on the Information today without the benefit of a licensed attorney. I state to the Court that I am guilty of the crime charged and wish to plead guilty at this time and be sentenced.

(6) I further acknowledge that I understand and can read the English language; that I have read this waiver; and acknowledge that no coercion, force, promise of reward nor any inducement whatsoever was used by any person to compel me to waive any of my aforesaid or any rights.

Signed in Chambers before the Court and in the presence of the undersigned witnesses this 16th day of June, 1967.

WARNING: DO NOT SIGN THIS IF YOU WANT AN ATTORNEY.

WITNESSES:

(Vernon C. Field) /s/

(George H. Deputy) /s/

Defendant "

———◆———

This Court has held repeatedly, as in McRae v. Page, Okl.Cr., 430 P.2d 851 (7/26/67):

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and in-

telligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states, have been fully complied with, and application for habeas corpus will be denied."

The writ is, accordingly, denied.

BUSSEY and BRETT, JJ., concur.